Filed 8/31/22  P. v. Steeg CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>NORMAN LEE STEEG,<br><br>　　Defendant and Appellant. | D079833<br><br><br>(Super. Ct. No. CR56218) |

APPEAL from an order of the Superior Court of San Diego County, Jay M. Bloom, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1983, a jury convicted Norman Steeg of first degree murder (Pen. Code,[1] § 187, subd. (a)); grand theft of a firearm (§ 487, subd. (3)) and robbery (§ 211).  The jury also found true firearm enhancements (§§ 12022.5 & 12022, subd. (a)) and found true a special circumstance of murder during the

---

[1]    All further statutory references are to the Penal Code.

commission of a robbery (§ 190.2, subd. (a)(17)(i)).[2]  Steeg was sentenced to life in prison without parole.

In 2019, Steeg filed a petition for resentencing under section 1172.6.[3] The court appointed counsel, received briefing, issued an order to show cause and held an evidentiary hearing as required by section 1172.6.  The court denied the petition by the following written order.

> "Petitioner has filed a writ pursuant to Penal Code section [1172.6] to have his murder conviction vacated.  An OSC was issued, and a hearing was held on December 9, 2021.  After a review of all the evidence presented, the request for writ relief is denied.
>
> "Senate Bill No. 1437 amended Penal Code section 188 to require the principal act with express or implied malice and by amending Penal Code section to require that a person may only be guilty of felony murder if the person was the actual killer, was not the actual killer, but with intent to kill, aided and abetted in the commission of the murder, or was a major participant in the underlying felony and acted with reckless indifference to human life.  Penal Code section 189, subd[ivision] (e).  The bill also added Penal Code section [1172.6] as a vehicle for defendants to contest their murder convictions if they were based on felony murder or the natural and probable consequences theory.

---

[2]    Section 190.2 has been renumbered since appellant's conviction.  The robbery special circumstance allegation is now in section 190.2, subdivision (a)(17)(A).

[3]    Steeg brought his motion under former section 1170.95, which was renumbered as section 1172.6 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58 (Assem. Bill No. 200), § 10, eff. June 30, 2022.)  As such, we refer to the subject statute by its current number throughout this opinion.

"The facts can be found in the unpublished opinion of the court of appeal in *People v. Steeg* (1989) 258 Cal.Rptr 86. It is proper to consider the opinion of the Court of Appeal. *People v. Lewis* (2021) 11 Cal.5th 952, 971-972. However, in anticipation of a change in the law in 2022, the parties have asked the court to rely only on the trial transcript.

"On September 29, 1981, petitioner Norman Lee Steeg met with Michael Williams and Kevin Finckel at Mission Beach. Steeg had stolen a loaded .38 caliber weapon and other items from his girlfriend's mother. He was in Mission Beach trying to sell these items. After some period of time, they encountered Gregory Lock, an off-duty sailor who was having car trouble. They helped him get his car started and he agreed to give them a ride. (RT 1088-1092.)

"Williams sat in the front seat while the other two sat in the back. Steeg was seated directly behind Lock. Steeg then pulled out the gun he had and placed it to Lock's neck while Williams took Lock's wallet. Steeg and Williams then argued as to where they were going and who was in charge. They eventually ended up in National City. The three assailants agreed Steeg would drive. Steeg ordered Lock out of the car and gave the gun to Williams. Williams ordered Lock to lean up against a pole. As Steeg was getting out of the car, Williams shot Lock twice. As Lock tried to run away, Williams shot him a third time causing him to fall. Williams then fired two more shots.

"Finckel told police at the time of his arrest petitioner said he knew Williams would shoot Lock. Steeg also had chided Williams for using too many bullets. However, at trial he testified Steeg had no idea Williams would shoot Lock. Williams was also in charge and threatened to kill them if they said anything. (RT 1092-1100.)

"The group then went to the Riverside area, Long Beach and Las Vegas, and engaged in further criminal activity. (RT 990-1003,1005, 1003-1008, 1018.) Petitioner still had possession of the murder weapon at the time of his arrest and appeared to be reaching for something at the time of

3

his arrest.  The gun had live rounds still in it.  (RT 1070-1083.)  Petitioner never reported the crimes to any one before his arrest.

"After the trio was arrested, Finckel pled guilty to second degree murder.  Steeg and Williams were tried separately.  They both were convicted of robbery and first degree murder, as well as a felony murder special circumstances.  Williams was sentenced to death while Steeg got life without parole.  After the appellate process, Steeg's special circumstance was stricken. *People v. Steeg*, *supra.*

"Much of the trial revolved around conflicting evidence as to whether petitioner Steeg or Williams was in charge.  (RT 1005-1006,1348-1366.), and whether petitioner knew Williams was dangerous.  (RT 1265-1268, 1329-1330-1337, 1372-1375.)

"The People argue Steeg was an active participant in the underlying felony and acted with reckless indifference to human life.  While there is much conflicting evidence on whether Williams or petitioner was the ring leader, the evidence supports the People's position.

"First, Steeg took a loaded gun with him to Mission Beach and discussed with the others some ideas for criminal activity.  When he got in the car and sat behind Lock, he positioned himself for a position to make Lock vulnerable.  He then pulled out a gun and placed it against Lock's neck turning a casual ride into a serious situation where petitioner could assault, kidnap, or rob Lock.  Indeed, Williams took advantage of the situation and took some of Lock's property.  After they got to National City, petitioner ordered Lock out of the car and gave Williams the gun.  This certainly escalated the situation as there was evidence Steeg knew Williams was unpredictable, violent and a drug user.  When Williams shot Lock, petitioner did nothing.  Williams fired more shots at Lock and petitioner did not yell at him or try to stop him.  They then fled the scene in the stolen car.  Petitioner never tried to help the victim.

4

"The group then travelled to Riverside, Long Beach and Las Vegas with some criminal activity in mind, and committed at least one burglary. They discussed the murder weapon, but no one expressed any remorse about the murder. When petitioner was finally arrested, he had the loaded murder weapon near him.

"All these facts show petitioner actively participated in the underlying robbery. In fact, he instigated it. Also he did nothing to prevent the shooting, stop Williams from firing more bullets, or aid the victim in any way. Moreover, he was present during the entire sequence of criminal events and was not a bystander or getaway driver. Rather he orchestrated the events that led to the murder and the subsequent criminal activities of the group. Thus, the people have established beyond a reasonable doubt petitioner was an active participant in the underlying felony and he acted with reckless indifference to human life. *People v. Banks* (2015) 61 Cal.4th 788, *People v. Clark* (2016) 63 Cal.4th 522.

"Petitioner points out that his youthful age at the time of the crime is a mitigating factor. If petitioner had been a follower who was led astray by the others or misled, youth would be a factor. However, in this case, petitioner was the leader. He brought the gun to the scene, initiated the robbery by pointing a gun at the back of the victim's head, gave Williams the gun thereby increasing the danger the victim would be harmed, and did nothing when the victim was killed. Moreover, rather than having remorse or second thoughts about a life of crime, petitioner committed several more crimes in the Los Angeles and Las Vegas areas. When he was arrested, he was apparently reaching for a gun. Youth per se cannot justify the length and depth of petitioner's criminal conduct.

"Steeg argues in reaching the conclusion the People proved their case beyond a reasonable doubt, the court must act as a trial court, not an appellate court, in weighing the evidence. Even sitting a trial court, the court would find the People have established their case beyond a reasonable doubt.

5

"Consequently, his writ seeking relief under [section 1172.6] is denied. The People, as noted, have proved petitioner is not eligible for relief under [section 1172.6] beyond a reasonable doubt. The order to show cause is discharged."

Steeg filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Steeg the opportunity to file his own brief on appeal, but he has not responded.

## DISCUSSION[4]

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue which was considered in evaluating the potential merits of this appeal: Whether the trial court erred in denying Steeg's petition for resentencing under section 1172.6.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Steeg on this appeal.

---

[4] It is unnecessary to repeat a statement of facts here. The trial court's written order denying the petition which we include in this opinion provides adequate background information.

DISPOSITION

The order denying Steeg's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

BUCHANAN, J.